### DEVISE OF PROPERTY JOINTLY BY HUSBAND AND WIFE.

Court of Appeals for Lucas County.

JOSHUA BALLARD ET AL V. IDA BALLARD ET AL.

Decided, October 6, 1916.

*Wills—Joint Testament by Husband and Wife—Not a Compact—But a Legal Disposition of Property Held in Common, When.*

Tenants in common of real estate may dispose of the same by uniting in a single will, not in the nature of a compact, and may by the same instrument dispose of their personal property, there being no provision for a legacy that would have to be paid from a fund to be derived from the property of both without designating the proportion in which such legacy should be paid from the property of each testator, and when the intention of the testators can be carried into effect without practical difficulty and without confusion of the properties of each testator.

*J. D. Finch* and *Homer Metzgar,* for plaintiffs in error.
*Lester Wilson* and *Garver & Garver,* contra.

CHITTENDEN, J.

Error to the court of common pleas.

This action was begun by the plaintiffs in error in the court of common pleas to contest the validity of the last will and

testament of Jerome Ballard.  At the conclusion of all the evidence both the plaintiffs and the defendants made a motion to direct a verdict in their favor respectively.  Upon consideration of this motion the trial court directed the jury to return a verdict finding the paper writing to be the valid last will and testament of Jerome Ballard.  The will is as follows:

"WILL.
"Last Will and Testament.

"In the name of the Beloved Father of all: Amen.

"I, Jerome & Loretta County of Sandusky, and State of Ohio, being about 64 & 65 years of age, and being of sound and disposing mind and memory, do make, publish and declare this my last will and testament, hereby revoking and making null and void all other last wills and testaments by me made heretofore.

"First.  My will is, that all my just debts and funeral expenses shall be paid out of my estate, as soon after my decease as shall be found convenient.

"Second.  I give, devise and bequeath to

"I, Jerome & Loretta Ballard have both agreed that the one that lives the longest shall have the entire property, both farm & personal property & everything on the farm, and about the house to keep or dispose of in any way.  He or she shall see fit during their lifetime, then at our decease everything in the house shall go to Ida Ballard all furniture, silver ware, beds, bedding, books, pictures & in fact everything in the house is hers, Ida shall have Jennie Ballards wearing apparel, jewelry & other things give something to each of her 3 sisters, Nettie, Cora and Mirtie Ballard, there will be sufficient means & Ida shall settle all expenses, all chattels or other loose property can be sold for that purpose, the silver watch shall be brother Joshua Ballards, the gold one shall go to Win Ballard, the 18 acres of land more or less on west side of road unless sold previous, shall go to Charles Calkins of Albert Lea, Minnesota and to his heirs after him, the 60 acres situated in York township shall be Ida Ballards wholly provided it is in our possession at the time of our death.

"In testimony whereof, we have set our hand to this our last will and testament at York, this 1st day of March, in the year of our Lord One thousand eight hundred and ninety-nine.

                    "his
"Jerome  X  Ballard  Loretta  Ballard
          "mark

"The foregoing instrument was signed by the said Jerome and Loretta Ballard in our presence and by          published

and declared as and for our last will and testament and at their request, and in our presence, and in the presence of each other, we hereunto subscribe our names as attesting witnesses at York, this 1st day of March, A. D. 1899.

"B. F. ROGERS
"resides at Clyde, Ohio.
"CHARLES EVERETT
"resides at York Township, O."

Counsel for plaintiffs in error contend that this paper writing can not be construed to be a valid last will and testament under the decision announced by the Supreme Court of this state in the case of *Walker* v. *Walker,* 14 O. S., 157. It is claimed that the will is joint both in form and substance, and the result of a compact between the signers thereof, and that such a will is unknown to the testamentary law of this state as declared in the case cited.

The defendants in error argue that the case of *Walker* v. *Walker* has no application to this case and is not an authority against the validity of the will here in question. They assert that the limitation placed upon the case of *Walker* v. *Walker* by the case of *Betts* v. *Harper,* 39 O. S., 639, is such as to completely eliminate the case of *Walker* v. *Walker* as an authority to be considered in this case. The Supreme Court was not unanimous in the decision reached in the case of *Walker* v. *Walker,* and the opinion in that case shows that the court undertook to limit the decision within very narrow boundaries. While the court in the later case of *Betts* v. *Harper* did not undertake to overrule the earlier decision, they called attention to the limitations placed by the court itself upon the questions decided and declined to extend the scope of the case in any way.

It is urged upon this court that if it should find that the decision in *Walker* v. *Walker* does not announce a corret conclusion and is found to be in conflict with the later decisions of courts of last resort upon this subject, it should not feel bound by that decision. Although this court has final jurisdiction in a large class of cases it has at all times declined to overrule decisions of the Supreme Court of this state, but, on the contrary has felt bound to follow such decisions so far as they govern cases under consideration. Any case that would call for

the overruling of a decision of the Supreme Court would undoubtedly be of such interest as to cause the Supreme Court to take jurisdiction thereof in which tribunal former decisions of that court might properly be overruled.

The case at bar is one of unusual interest and has been skillfully argued by counsel for plaintiffs and defendants, both orally and in briefs. The questions presented which at first appeared to be complex become quite clear upon a careful examination of the will itself.

It is conceded that the will was properly executed before witnesses and that the parties at the time were competent to execute a will and were not under any restraint or undue influence. The evidence introduced on the trial was principally directed toward showing that Loretta Ballard at the time of the making of the will was possessed of property. It appears that at the time of their marriage some time before the year 1860, each had by inheritance property of approximately the value of two thousand dollars. That thereafter real estate was purchased, the title to which was taken in the name of Jerome Ballard. It does not appear just how the property was paid for, nor do we think this is important in the view we take of the case. Thereafter real estate was sold and purchased, the title being taken in the name of Jerome Ballard. Later through the interposition of a third party this real estate, or at least a considerable portion thereof, was transferred to Loretta Ballard, and about a year before the making of the will Loretta Ballard deeded the property to her husband, Jerome Ballard, and at the time of her death there was no real estate the title to which was in her name.

There was some evidence tending to show that at the time of her death she owned a few pieces of household furniture and perhaps some small amount of money. It is claimed that it is shown from the evidence that Mrs. Ballard had some beneficial interest in this real estate might have been asserted by her. Such interest, however, could not have been greater than a tenancy in common and it was decided by the Supreme Court in *Betts* v. *Harper, supra,* that tenants in common of real estate might, by a will, executed jointly, devise such property. It was

further held in that case that if in addition to the ownership in common of real estate each was possessed of personal property it might all be devised by a single instrument where the bequests are severable and the instrument is not in the nature of a compact but is in effect the will of each, and that such will might be offered for probate after the death of all those executing it, as the will of each and all such persons.

This will first undertakes to give to the survivor of the testators all the property, to be used as the survivor shall see fit during his or her lifetime. This provision of the will is expressly excluded from the decision in *Walker* v. *Walker* by the language of the opinion in that case, and the validity of such a will is sustained by substantially all the authorities. It then provides that upon the death of the survivor everything in the house shall go to Ida Ballard and specifies many items general in character, concluding with the words, "In fact everything in the house is hers," meaning evidently that everything then became hers by virtue of the will. This legacy is a valid provision under the doctrine announced in *Betts* v. *Harper*. It is then provided that Ida shall have all the wearing apparel, jewelry and other things of Jennie Ballard, who was the deceased daughter of the testators. This provision is clearly identical in character with the general provision that Ida shall have everything in the house.

Attached to this last provision is a direction that she shall give something to each of her three sisters. This provision is quite indefinite. It is not clear whether it was intended that they should each have something that had belonged to Jennie Ballard, probably as a keepsake, or whether this provision is to be satisfied by the giving to her sisters of anything that comes to her by virtue of the will. In any event there is nothing in this condition which in any way affects the validity of the instrument.

Then follows a recital that there is sufficient means to settle the expenses of the estate and the obligation is devolved upon Ida to settle all these expenses. The will provides that in so doing she may sell all or any of the personal property for that purpose. It is true that the will does not specify whether the

chattels that may be sold shall be those belonging to Loretta or Jerome, but inasmuch as all the personal property not specifically bequeathed goes to Ida Ballard, it is quite immaterial to which one of the testators the property so sold belonged. A gold watch is specifically devised to one brother and a silver watch to another. Then follows a devise of eighteen acres of land to Charles Calkins and sixty acres of land to Ida Ballard. It would seem to be quite immaterial in the light of the decisions above mentioned, whether this real estate was owned by Jerome Ballard individually or whether he and his wife were tenants in common. If they were tenants in common they could legally devise it by a single instrument, and if it was the sole property of Jerome Ballard there would be no interest of the wife that could be affected by it.

It is most earnestly argued by counsel for plaintiffs in error this this will bears evidence of being the result of an argument and that the instrument thus being in the nature of a compact it is void as a will. One of the characteristics of a will is its revocability and it has been held that anything which destroys this feature of revocability destroys the instrument as a will. We are unable to find in this instrument anything which makes it invalid on this account. The instrument sets forth in terms that the parties have agreed, that the property shall be disposed of as afterwards set out in the instrument. The express words give it no greater force or effect than it would have without those words. The instrument itself must be looked to to see whether it does in fact contain such an agreement as would prevent the revocation of the instrument by either. We find no more evidence of an agreement in this instrument than was apparent in the will under consideration in *Betts* v. *Harper*. It may well be said that the two sisters Harper had agreed that their property should be disposed of in accordance with the terms of their will. The court evidently did not take that view. It was apparent that the parties to the instrument were in accord upon the disposition of the property of each as well as the disposition of the property owned in common. And so in this case it is apparent that Mr. and Mrs. Ballard had no difference of opinion as to how the property in question should be

devised. Nowhere in the will is there any provision for a legacy that would have to be paid out of a fund to be derived from the property of both without designating the proportion in which such legacy should be paid from the property of each of the testators.

This will, while most crudely drawn, very clearly expresses the intention of the testators and that intention can be carried into effect without any confusion of the properties of each if they both owned property, and there is no practical difficulty in giving effect to their intention. One of the important incidents to the ownership of property is the right to devise the same by will and wherever possible courts should maintain this right.

We think that an analysis of this paper writing discloses a will that is not within the case precisely decided in *Walker* v. *Walker*. There is nothing about the will which makes it impossible or even difficult to construe or carry out. The conclusion we have reached we believe not to be in conflict with *Walker* v. *Walker* and to be entirely in accord with the case of *Betts* v. *Harper* and entirely in accord with the conclusions of modern text writers upon the subject and the later decisions in this country and England. We think that every reason obtains why the principle decided in *Walker* v. *Walker* should not be extended beyond the exact question there decided upon facts which would not warrant any different decision than was arrived at in that case.

The judgment of the court of common pleas will be affirmed.

RICHARDS, J., and KINKADE, J., concur.